FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 12 2020

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**THOMAS SHERMAN**                                                                PLAINTIFF

vs.                                          No. 4:20-cv-503-LPR

**PINE BLUFF SAND AND GRAVEL COMPANY,**                DEFENDANTS
**BRIAN McGEORGE and W. SCOTT McGEORGE**

This case assigned to District Judge Rudofsky
and to Magistrate Judge Harris

**ORIGINAL COMPLAINT**

COMES NOW Plaintiff Thomas Sherman ("Plaintiff"), by and through his attorneys Courtney Lowery and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint against Defendants Pine Bluff Sand and Gravel Company, Brian McGeorge and W. Scott McGeorge (collectively "Defendant" or "Defendants"), he does hereby state and allege as follows:

**I.  PRELIMINARY STATEMENTS**

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiff lawful overtime compensation for hours in excess of forty (40) hours per week.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, infra.

## II. JURISDICTION AND VENUE

3.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.      Defendants conduct business within the State of Arkansas, operating and managing a family of marine construction and material production and sales companies with locations throughout the Midsouth, including some in the Eastern District of Arkansas.

6.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

7.      Plaintiff was employed by Defendants on their dredge boats located primarily in Baton Rouge, Louisiana.

8.      The acts alleged in this Complaint had their principal effect within the Central Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.     THE PARTIES

9.      Plaintiff is a citizen of the United States and a resident and domiciliary of Cross County.

10. Defendant Pine Bluff Sand and Gravel Company ("PBSGC") is a domestic for-profit corporation.

11. PBSGC's registered agent for service is W. Scott McGeorge at 1501 Heartwood, White Hall, Arkansas 71602.

12. Defendant Brian McGeorge is an individual and domiciliary of Arkansas.

13. Defendant W. Scott McGeorge is an individual and domiciliary of Arkansas.

14. Defendants maintain a website at http://www.pbsgc.com/.

### III. FACTUAL ALLEGATIONS

15. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

16. Defendant Brian McGeorge is an owner, principal, director, and/or officer of PBSGC.

17. Upon information and belief, Defendant Brian McGeorge manages and controls the day-to-day operations of PBSGC and dictates and the employment policies of PBSGC, including but not limited to the decision to not pay Plaintiff an overtime premium for work in excess of forty (40) hours per week.

18. Defendant W. Scott McGeorge is an owner, principal, director, and/or officer of PBSGC.

19. Upon information and belief, Defendant W. Scott McGeorge manages and controls the day-to-day operations of PBSGC and dictates and the

employment policies of PBSGC, including but not limited to the decision to not pay Plaintiff an overtime premium for work in excess of forty (40) hours per week.

20.     Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

21.     At all relevant times herein, Defendants were an "employer" of Plaintiff within the meaning of the FLSA.

22.     Defendants have at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

23.     Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

24.     During each of the three years preceding the filing of this Original Complaint, Defendants continuously employed at least four (4) employees.

25.     Defendants were Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203, at all times relevant to this lawsuit.

26.     At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

27. At all times material herein, Plaintiff has been misclassified by Defendants as a salaried employee and as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

28. At all relevant times herein, Defendants directly hired Plaintiff to work on its dredge boats, paid him wages and benefits, controlled his work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

29. Plaintiff was employed by Defendants as an hourly welder from August of 2016 to around June of 2018, and as a salaried assistant civil engineer/ from June of 2018 until March of 2020.

30. As an assistant civil engineer, Plaintiff's primary duties included, but were not limited to, surveying the river, plotting how deep to dig dredges, completing daily reports and performing physical labor on the dredge when something broke down.

31. Plaintiff did not have the authority to hire or fire any other employee, nor were his recommendations for hiring or firing given particular weight.

32. Plaintiff did not exercise independent judgment as to matters of significance.

33. Plaintiff did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

34. Plaintiff is not a licensed engineer nor does he have a terminal degree in engineering.

35.   Plaintiff regularly worked over forty (40) hours each week.

36.   When Plaintiff worked as an assistant civil engineer, Defendants did not pay Plaintiff one and one-half times his regular rate of pay for hours worked over forty (40) per week.

37.   At all relevant times herein, Defendants have deprived Plaintiff of regular wages and overtime compensation for all of his hours worked over forty (40) per week.

38.   Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

## V.   FIRST CAUSE OF ACTION—Violation of the FLSA

39.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

40.   Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

41.   At all times relevant to this Complaint, Defendants have been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

42.   At all times relevant to this Complaint, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

43.   29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 in one week and to pay 1.5x regular wages for all hours worked over forty (40)

hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

44. At all times relevant times to this Complaint, Defendants misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

45. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

46. Defendants' failure to pay Plaintiff all overtime wages owed was willful.

46. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI. SECOND CAUSE OF ACTION—Violation of the AMWA

47. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

48. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq*.

49. At all times relevant to this Complaint, Defendants were Plaintiff's "employers" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

50. AMWA Sections 210 and 211 require employers to pay all employees a minimum wage for all hours worked up to 40 in a week and to pay

1.5x regular wages for all hours worked over 40, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

51. At all times relevant to this Complaint, Defendants misclassified Plaintiff as exempt from the overtime requirements of the AMWA.

52. Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

53. Defendants' failure to pay Plaintiff all overtime wages owed was willful.

54. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

### VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Thomas Sherman respectfully prays as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. That Defendants be required to account to Plaintiff and the Court for all monies paid to Plaintiff;

C. A declaratory judgment that Defendants' practices alleged herein violate the FLSA;

D.  A declaratory judgment that Defendants' practices alleged herein violate the AMWA;

E.  Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

F.  Judgment for damages for all unpaid overtime wage compensation owed under the AMWA;

G.  Judgment for liquidated damages pursuant to the FLSA;

H.  Judgment for liquidated damages pursuant to the AMWA;

I.  An order directing Defendants to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action;

J.  For a reasonable attorney's fee, costs and interest; and

K.  Such further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF THOMAS SHERMAN**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

*/s/ Courtney Lowery*
Courtney Lowery
Ark. Bar No. 2019236
courtney@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com